**William Burden, v. Charles Burden et al., Appellees. Joseph E. Erbland, Intervener, Appellant.**

**Gen. No. 5,951.**

1. EQUITY, § 110*—*right of judgment creditor of partner to intervene in dissolution proceedings.* Where one partner brought a dissolution proceeding against his copartner and made the latter's wife a party in order to settle a dispute between the two over the ownership of the husband's interest, a judgment creditor of the husband cannot, under an allegation of a conspiracy between the husband and wife to defeat his claim, intervene in the proceeding and apply the proceeds of the husband's interest to the satisfaction of the judgment.

2. APPEAL AND ERROR, § 412*—*when objection to intervention of judgment creditor of one partner in dissolution proceeding prop-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*erly reserved.* An objection that a judgment creditor of one part-
ner could not intervene in a dissolution proceeding in order to
subject the latter's interest to the satisfaction of the judgment, *held*
sufficiently raised in order to permit its consideration on appeal.

3.   Creditors' suit; § 45*—*when receiver in dissolution proceed-
ing may be made party to ·action by judgment creditor against one
partner.* On a proper showing, leave may be granted a judgment
creditor of one partner to make the receiver in a dissolution pro-
ceeding a party to a judgment creditor's bill.

Appeal from the Circuit Court of Whiteside county; the Hon.
Frank D. Ramsay, Judge, presiding. Heard in this court at the
April term, 1914. Affirmed. Opinion filed October 13, 1914. Re-
hearing denied April 7, 1915.

J. A. Riely and McCalmont & Ramsay, for appel-
lant.

Carl E. Sheldon, for appellees.

Mr. Justice Dibell delivered the opinion of the
court.

For ten years prior to May, 1910, a mercantile
business was carried on at Tampico in Whiteside
county under the name of The Charles Burden Com-
pany. William Burden was one partner and a half
owner. He claimed that his brother Charles was his
partner, but Kate Burden, wife of Charles, had as-
serted that she was the partner, and she had signed
many partnership papers. William Burden gave no
time to the business. His wife Margaret kept the
books. Charles conducted the business. His wife
Kate owned the building in which the business was
conducted, and had raised, by mortgage on a farm
owned by her, the money which went to make up the
other half of the capital of the corporation. Disagree-
ments arose and William filed a bill against Charles
and Kate to have the partnership dissolved, the re-
maining goods sold, the book accounts and notes due

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

the firm collected, the firm debts paid and one-half of the remaining assets paid to himself. He did not seek an adjudication as to whether Charles or Kate owned the other half of the property, but made them both defendants, so that they might be bound by the settlement made in the case. A receiver. was appointed and the affairs of the partnership were wound up, and a stipulation was signed, disposing of various matters of controversy. At this stage of the case, Joseph E. Erbland, claiming to have recovered a judgment in the Circuit Court of Woodford county in 1897 against Charles Burden, and to have had an unsatisfied execution thereon, and to have obtained a revival of said judgment in 1908 and an execution thereon, returned unsatisfied, and alleging confederacy and fraud between Charles and Kate Burden to prevent Erbland from collecting his judgment, and alleging that the store and the property therein was owned by Charles Burden, obtained leave to file and filed an intervening petition, seeking to make his judgment out of the alleged interest of Charles Burden in the partnership property and in the rents for the store building. The court ordered a certain sum retained by the receiver until a decision under the petition. After answer, this matter was heard by the master, who took and reported proofs with his conclusions adverse to the petitioner. On objections to his report, an additional report was made, finding that the court was without jurisdiction to entertain the subject-matter of said petition. The court dismissed the petition and the intervener appeals.

We are of opinion that this petition was not germane to the litigation then before the court. William Burden did not claim to own the store building, and its ownership was not involved in that suit. William had no interest in the question whether Charles or Kate had the other half interest in the business. He was only interested in having the partnership affairs

wound up, the various disputed questions disposed of by decree, and to get his half of the final assets, and to have Kate and Charles both parties to the suit so that they should both be bound by the result. There was involved in that litigation no question whether Charles and Kate had conspired together to defeat the creditors of Charles or whether the property standing in the name of Kate was originally derived from the estate of the deceased father of Charles, as the intervener claimed, nor whether she acquired such property from the estate of the deceased father in such a way that creditors of Charles ought in equity to have resort thereto for the payment of their claims. The judgment of the intervener had no connection with the partnership business. It was obtained several years before the partnership was formed. If this intervention can be maintained, then any other creditor of Charles or William or Kate may come in and file an intervening petition and have many other questions tried. Indeed, it appears that Margaret, the wife of William, supplied some of the money which her husband put into the business, and creditors of Margaret might come in and intervene and make her a party and seek to collect their claims out of the share ordered paid to William.

But petitioner claims that the defendants did not raise this question sufficiently in the court below. Defendants excepted to the order allowing the intervening petition to be filed. Later, at the same term of court, they entered a motion to vacate the order allowing said petition to be filed, on the ground that the court was without jurisdiction to enter such an order in said cause. They filed objections to the master's report, although it was in their favor, on the ground that the intervener had an adequate remedy at law, had no standing in a court of equity, and that a court of equity was without jurisdiction. We are of opinion that the lack of jurisdiction of the court in this cause

was sufficiently raised, and also that, if it had not been raised, it was at least the privilege of the court of its own motion to refuse to permit the pending cause to be hampered by this litigation introduced by the intervener.

But it is suggested that the money was in the hands of the receiver and he could not be made a party to an original creditor's bill, and therefore petitioner had a right to this intervention. Erbland would have been required to apply to the court for leave to make the receiver a party defendant to such a creditor's bill, but we must assume that if a proper showing had been made, such leave would have been granted.

It is a serious question under the proofs whether this judgment was ever lawfully revived, and whether Erbland can, under the proofs, reach any of the money in the hands of the receiver from which to pay a judgment against Charles Burden. But we leave these questions undetermined, so that if a creditor's bill shall be filed, its progress will not be hampered by any decision thereof in this case.

The decree dismissing the intervening petition is affirmed.

*Affirmed.*